**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| *ELECTRONICALLY FILED* | CIVIL ACTION NO: |
| SABRINA BRYSON, Individually and as Administratrix of the Estate of VAUGHN ADAM WILSON JR. ) ) ) | |
| Plaintiffs ) | |
| VS. ) ) | **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |
| MILFORD REGIONAL MEDICAL CENTER, INC., UTE K. TAYLOR, R.N., and AMERICAN MEDICAL RESPONSE OF MASSACHUSETTS, INC. ) ) ) ) | |
| Defendants ) ) | |

## NATURE OF THE CLAIM

This is an action brought by Sabrina Bryson, individually and as Administratrix of the Estate of Vaughn Adam Wilson, Jr., for monetary damages as a result of the wrongful death of her son, Vaughn Wilson Jr., proximately caused by the negligence of the Defendants in their departure from ordinary prudent care, and in violation of 42 U.S.C. §1395, the Emergency Medical Treatment and Active Labor Act ("EMTALA").

## PARTIES

1. The Plaintiff, Sabrina Bryson ("Ms. Bryson") is a citizen of the Commonwealth of Massachusetts residing at 20 Pine Street, Whitinsville, Worcester County, Massachusetts.

2. Plaintiff's Decedent, Vaughn Adam Wilson Jr. ("Vaughn Jr.") was a minor child born to Plaintiff Sabrina Bryson on October 19, 2009 at UMass Memorial Medical Center.

3. The Defendant, Milford Regional Medical Center, Inc. ("Milford") is a medical facility regionally designated as a Level II Trauma Center licensed in the Commonwealth of

Massachusetts to treat medical, surgical and obstetrical patients, with a principal place of business at 14 Prospect Street, Milford, Worcester County, Massachusetts.

4. The Defendant, Ute K. Taylor, R.N. ("Nurse Taylor"), is a registered nurse licensed to practice nursing, with a specialty in obstetrics with a principal place of business at 14 Prospect Street, Milford, Worcester County, Massachusetts. At all times relevant hereto, Nurse Taylor was an agent, servant, or employee of Defendant Milford.

5. The Defendant, American Medical Response of Massachusetts, Inc. ("AMR"), is an ambulance service incorporated and licensed in the Commonwealth of Massachusetts, with a principal place of business at 6200 S. Syracuse Way, Suite 200, MS600, Greenwood Village, Colorado 80111 and Register Agent at 84 State Street, Boston, Suffolk County, Massachusetts 02109, and is in the business of providing emergency, non-emergency and inter-facility transport.

## JURISDICTION

6. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 5 of the Complaint and incorporate them herein by reference.

7. The Court's jurisdiction over this controversy is based upon the following:

   a) 28 U.S.C. § 1331: Raises a federal question, particularly the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. §1395; and
   b) 28 U.S.C. § 1367(a): Supplemental jurisdiction over the remaining state claims which arise out of a common nucleus of operative facts.

## FACTUAL ALLEGATIONS

8. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 7 of the Complaint and incorporate them herein by reference.

9. On or about October 19, 2009 at 5:15 in the morning, the Plaintiff, Ms. Bryson, presented to Defendant Milford for a "labor eval" at 34 weeks 2 day gestation, complaining of nausea,

vomiting, abdominal discomfort, and back pain. She also questioned whether or not she had been leaking amniotic fluid. Her medical history was significant for, among other issues, gastric bypass surgery.

10. Ms. Bryson was directed to the Labor and Delivery Unit of Defendant Milford for evaluation of her condition and, pending any clinical decision-making, was placed on observation status.

11. Ms. Bryson was examined by Dr. Small, the attending on call for the Labor and Delivery Unit, and was thought to be suffering from gastroenteritis. Her unborn son, Vaughn Jr., had a heart rate in the 140s and was stable.

12. At or about 6:20 a.m., medication for nausea and vomiting was ordered along with labs and IV fluids Ms. Bryson's unborn son. Vaughn Jr. had a heart rate in the 130s to 140s and was stable.

13. At or about 8:20 a.m., Ms. Bryson was medicated for severe abdominal and back pain which was later noted to be ineffective in relieving pain but her nausea had subsided and she was not vomiting. Her unborn son, Vaughn Jr., had a heart rate in the 130s to 140s and was stable.

14. Defendant Nurse Taylor was assigned to care for Ms. Bryson and her unborn son in the Labor and Delivery unit of Defendant Milford.

15. At or about 9:09 a.m., Ms. Bryson reported to Defendant Nurse Taylor that her pain was still unrelieved and according to the medical record, Nurse Taylor communicated this to the physician who then evaluated Ms. Bryson.

16. Dr. Small noted that Ms. Bryson's differential diagnosis included gastroenteritis, appendicitis, cholelithiasis, and/or an issue with Ms. Bryson's gastric bypass surgery. The plan at that point was to consider a gastroenterology consult, surgery consult and/or transfer.

17.     At or about 9:45 a.m., Ms. Bryson was evaluated by Dr. Hayley Marshall, D.O.  Her abdomen was now diffusely tender but she had normal vital signs and fetal heart tones were reassuring.  Dr. Marshall noted that with persistent/worsening symptoms, and a history of gastric bypass, transfer to a tertiary care center was recommended.  Dr. Marshall arranged the transfer via ambulance to the Emergency Department of UMass Memorial Medical Center and documented that she was stable for transport.

18.     At or about 9:46 a.m., Defendant AMR was notified of the request for an inter-facility transport.

19.     At or about 10:00 a.m., AMR paramedic Prescott Clark ("Clark") arrived at Ms. Bryson's bedside.

20.     At some point between 10:00 and 10:25 a.m., with Defendant Taylor and Paramedic Clark from Defendant AMR in attendance, Ms. Bryson began vomiting copious amounts of blood.

21.     Despite this new symptom of an emergency medical condition as defined by 42 U.S.C. § 1395dd(e)(1), no physician was notified of the change in Ms. Bryson's condition and no other medical treatment or intervention took place at that time.

22.     Despite this new symptom of an emergency medical condition as defined by 42 U.S.C. § 1395dd(e)(1), no assessment was made to determine whether or not Ms. Bryson was stable for transport as required by 42 U.S.C. § 1395dd(b).  No medical intervention or treatment took place to stabilize either the mother or her unborn child as Ms. Bryson awaited transport to UMass Memorial Medical Center.

23.     The risks inherent in the transfer to UMass Memorial Medical Center to the mother or unborn child, Vaughn Jr., were not disclosed to Ms. Bryson by any physician.

24. The ambulance left Defendant Milford at 10:25 a.m.

25. Ms. Bryson was transported via the Defendant AMR's advanced life support ambulance; the transfer was noted on the ambulance run sheet as "als transfer call." Ms. Bryson was not accompanied by any medical providers other than one AMR paramedic and one AMR basic EMT. No fetal monitoring equipment necessary to monitor the condition of Plaintiff's unborn child was utilized during transport. No provision was made to ensure the safety of the unborn child, Vaughn Jr., should an emergency occur during transport necessitating the immediate intervention to save his life.

26. Ms. Bryson continued to vomit blood throughout the transport.

27. On or about October 19, 2009 at 11:05 a.m., Ms. Bryson arrived at the Emergency Department of UMass Memorial Medical Center.

28. Upon arrival at UMass Memorial Medical Center's Emergency Department, immediate evaluation of Ms. Bryson and her unborn son revealed that despite the documentation of her stable condition as noted by Defendant AMR, she was "in extremis," pale and diaphoretic and emergently type and cross matched for 4 units of blood. The fetal heart rate was noted to be 40 to 60 beats per minute and it was unknown how long Vaughn Jr.'s heart beat had been bradycardic, since he had not been monitored during the transfer.

29. At or about 11:50 a.m., Ms. Bryson was transferred to the operating room for an emergent caesarian section in an attempt to save her life and the life of her unborn child. Vaughn Jr. was born at 11:59 a.m., he had no detectable heart beat or respiratory effort and resuscitation was immediately undertaken by the NICU team.

30. Ms. Bryson was found to have ischemic bowel with internal hernia that was initially addressed by an exploratory laparotomy and small bowel resection. On October 20, 2009, Ms.

Bryson was taken back to the operating room for a second exploratory look, anastomosis of billiary limb to the small bowel, closure of the internal hernia space and oversew of marginal area.

31. Ms. Bryson was discharged with VNA services on October 29, 2009.

32. Vaughn Jr. was born with APGARs of 0,1,4,4,4 at 1,5,10, 15,20 minutes of age respectively.  He was taken to the NICU, where he was intubated with no spontaneous respirations and severe respiratory acidosis.

33. Despite all heroic measures by the NICU staff, Vaughn Jr. passed away at 8:26 p.m. on October 30, 2009.

## COUNT I
## NEGLIGENCE
## SABRINA BRYSON INDIVIDUALLY v.
## UTE K. TAYLOR, R.N.

34. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 33 of this Complaint, and incorporates them herein by reference.

35. At all times relevant hereto, Defendant Nurse Taylor was a registered nurse at Defendant Milford, assigned to provide care and treatment to Ms. Bryson.

36. Defendant Nurse Taylor failed to meet the standard of care of the average registered nurse by:

    a)    Failing to reassess Ms. Bryson after she began vomiting blood;
    b)    Failing to call a physician after Ms. Bryson began vomiting blood;
    c)    Failing to postpone Ms. Bryson's transfer after she began vomiting blood; and
    d)    Abandoning Ms. Bryson.

37. The failure of Defendant Nurse Taylor to reassess Ms. Bryson's condition, call a physician, and postpone the transport after Ms. Bryson began vomiting blood caused or contributed to the deterioration in Ms. Bryson's condition and the loss of her child, Vaughn Jr.

WHEREFORE, Plaintiff Sabrina Bryson, Individually, demands judgment against Defendant Ute K. Taylor, R.N., in an amount that will adequately compensate her for her medical expenses, disability from normal daily activities, great pain of body and mind, costs, interest and reasonable attorney's fees as well as such other relief as this Honorable Court deems just and proper.

## COUNT II
## NEGLIGENCE
## SABRINA BRYSON AS ADMINISTRATRIX OF THE
## ESTATE OF VAUGHN ADAM WILSON, JR. v.
## UTE K. TAYLOR, R.N.

38. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 37 of this Complaint, and incorporates them herein by reference.

39. At all times relevant hereto, Defendant Nurse Taylor was a registered nurse at Defendant Milford, assigned to provide care and treatment to Ms. Bryson's unborn son, Vaughn Jr.

40. Defendant Nurse Taylor failed to meet the standard of care of the average registered nurse by:

   a) Failing to reassess Ms. Bryson after she began vomiting blood;
   b) Failing to call a physician after Ms. Bryson began vomiting blood; and
   c) Failing to postpone Ms. Bryson's transfer after she began vomiting blood.

41. The failure of Defendant Nurse Taylor to reassess Ms. Bryson's condition, call a physician, and postpone the transport after Ms. Bryson began vomiting blood caused or contributed to Vaughn Jr.'s death.

WHEREFORE, Plaintiff Sabrina Bryson, as Administratrix of the Estate of Vaughn Adam Wilson, Jr., demands judgment against Defendant Ute K. Taylor, R.N., in an amount that will adequately compensate her for his medical expenses, conscious pain and suffering, great pain of

body and mind, costs, interest and reasonable attorney's fees as well as such other relief as this Honorable Court deems just and proper.

## COUNT III
## WRONGFUL DEATH
## SABRINA BRYSON AS ADMINISTRATRIX OF THE
## ESTATE OF VAUGHN ADAM WILSON JR. v.
## UTE K. TAYLOR, R.N.

42. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 41 of this Complaint, and incorporates them herein by reference.

43. The negligent medical care rendered by Defendant Nurse Taylor caused the wrongful death of Plaintiff's Decedent, Vaughn Jr.

44. Pursuant to M.G.L. c. 229, § 2, Plaintiff Sabrina Bryson, as Administratrix of the Estate of Vaughn Adam Wilson Jr., brings this action for the wrongful death of Vaughn Jr.

WHEREFORE, Plaintiff Sabrina Bryson, as Administratrix of the Estate of Vaughn Adam Wilson Jr., demands judgment against Defendant Ute K. Taylor, R.N., in an amount that will adequately compensate her for his medical expenses, conscious pain and suffering, wrongful death, loss of reasonable expected income, services, protection, care, comfort, society and companionship and costs, interest and reasonable attorney's fees as well as such other relief as this Honorable Court deems just and proper.

## COUNT IV
## GROSS NEGLIGENCE
## SABRINA BRYSON AS ADMINISTRATRIX OF THE
## ESTATE OF VAUGHN ADAM WILSON JR. v.
## UTE K. TAYLOR, R.N.

45. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 44 of this Complaint, and incorporates them herein by reference.

46. Defendant Nurse Taylor's actions showed a reckless disregard for Vaughn Jr.'s wellbeing while he was in her care.

47. Defendant Nurse Taylor was grossly negligent in the following manner:

   a) Failing to reassess Ms. Bryson after she began vomiting blood;
   b) Failing to call a physician after Ms. Bryson began vomiting blood; and
   c) Failing to postpone Ms. Bryson's transfer after she began vomiting blood.

48. Defendant Nurse Taylor's gross negligence and reckless disregard for Vaughn Jr.'s wellbeing caused or contributed to his death.

WHEREFORE, Plaintiff Sabrina Bryson, as Administratrix of the Estate of Vaughn Adam Wilson Jr., demands judgment against Defendant Ute K. Taylor, R.N. for punitive damages as well as costs, interest and reasonable attorney's fees as well as such other relief as this Honorable Court deems just and proper.

### COUNT V
### CONSCIOUS PAIN & SUFFERING
### SABRINA BRYSON AS ADMINISTRATRIX OF THE
### ESTATE OF VAUGHN ADAM WILSON JR. v.
### <u>UTE K. TAYLOR, R.N.</u>

49. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 48 of this Complaint, and incorporates them herein by reference.

50. During the course of Vaughn Jr.'s birth and in the days prior to his death, Vaughn Jr. was conscious, aware, and in pain and suffering.

51. Vaughn Jr.'s conscious pain and suffering was made evident by his grimacing and the level of pain medication he received.

52. At all times relevant hereto, Vaughn Jr. consciously suffered as a direct and proximate result of the negligent care rendered by Defendant Nurse Taylor.

WHEREFORE, Plaintiff Sabrina Bryson, as Administratrix of the Estate of Vaughn Adam Wilson Jr., demands judgment against Defendant Utek Taylor, R.N. in an amount that will adequately compensate her for his medical expenses, conscious pain and suffering, wrongful death, loss of reasonable expected income, services, protection, care, comfort, society and companionship and costs, interest and reasonable attorney's fees as well as such other relief as this Honorable Court deems just and proper.

## COUNT VI
## PRE-MORTEM LOSS OF CONSORTIUM
## SABRINA BRYSON v. UTE K. TAYLOR, R.N.

53. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 52 of this Complaint, and incorporates them herein by reference.

54. As a result of Defendant Nurse Taylor's negligence, Ms. Bryson was caused to sustain the pre-mortem loss of society, companionship, cooperation, aid, affection and consortium of her son, Vaughn Jr.

WHEREFORE, Plaintiff Sabrina Bryson, Individually, demands judgment against Defendant Utek Taylor, R.N. in an amount that will adequately compensate her for his medical expenses, conscious pain and suffering, wrongful death, loss of reasonable expected income, services, protection, care, comfort, society and companionship and costs, interest and reasonable attorney's fees as well as such other relief as this Honorable Court deems just and proper.

## COUNT VII
## VIOLATION OF 42 U.S.C. § 1395,
## THE EMERGENCY MEDICAL TREATMENT
## AND ACTIVE LABOR ACT
## SABRINA BRYSON INDIVIDUALLY v.
## MILFORD REGIONAL MEDICAL CENTER, INC.

55. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 54 of this Complaint, and incorporates them herein by reference.

56. On October 19, 2009, Defendant Milford was a participating hospital in the Federal Medicare Program and had a provider agreement with the Secretary of Health and Human Services, pursuant to 42 U.S.C. §1395cc.

57. On or about October 19, 2009, Defendant Milford operated a Labor and Delivery Suite where patients routinely presented for evaluation and management of complications of pregnancy, impending and active labor, and at all times relevant hereto held itself out to the public as such.

58. On or about October 19, 2009, Plaintiff Ms. Bryson relied on said representation, presented to Defendant Milford's Labor and Delivery Suite requesting evaluation and treatment on Ms. Bryson's behalf and on behalf of her unborn child to determine whether or not Ms. Bryson had an emergency medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in:

    a) Placing the health of Ms. Bryson and her unborn child in serious jeopardy;
    b) Serious impairment to bodily functions; or
    c) Serious dysfunction of any bodily organ or part; or
    d) Pose a threat to the health or safety of herself and/or her unborn child.

59. Ms. Bryson was admitted for observation purposes in Defendant Milford's Labor and Delivery Suite and the hospital undertook to treat Ms. Bryson relevant to her complaints of nausea vomiting, abdominal discomfort, back pain and question of rupture of membranes.

60. On or about October 19, 2009 at approximately 10:25 a.m., Ms. Bryson was discharged in an unstable condition to UMass Memorial Medical Center with signs and symptoms of an emergency medical condition.

61. Despite Ms. Bryson presenting with a recognized emergency medical condition as defined by EMTALA, Defendant Milford failed to treat and/or stabilize the emergent condition

prior to transfer which was affected through inappropriate means, resulting in the material deterioration to the health of Ms. Bryson and injury and death of Vaughn Jr., an otherwise viable child.

62.     Defendant Milford failed to provide an emergency medical screening examination and medical treatment within its capabilities to either stabilize Ms. Bryson and her unborn child or to minimize the risk to Ms. Bryson and her viable unborn child.

63.     Defendant Milford failed to affect the transfer of Ms. Bryson and her unborn child through the use of qualified personnel and transportation equipment as required under EMTALA.

64.     The actions of Defendant Milford were in violation of the requirements of EMTALA, which conduct resulted in the death of Plaintiff's Decedent, Vaughn Jr.

WHEREFORE, the Plaintiff, Sabrina Bryson, Individually, demands judgment against the Defendant Milford Regional Medical Center, Inc. in an amount that will adequately compensate her for her pain and suffering, significant medical expenses, disability from normal daily activities, great pain of body and mind, plus costs, interest and reasonable attorney's fees, and such other relief as this Court deems just and proper.

**COUNT VIII**
**VICARIOUS LIABILITY/OSTENSIBLE AGENCY**
**SABRINA BRYSON INDIVIDUALLY v.**
**MILFORD REGIONAL MEDICAL CENTER, INC.**

65.     The Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 64 of this Complaint and incorporates them herein by reference.

66.     At all times relevant hereto, Defendant Milford held itself out to the public as a hospital offering labor and delivery care to patients such as Ms. Bryson.

67.     Ms. Bryson reasonably relied upon this representation and Defendant Milford's reputation for providing safe, efficient, and quality care rendered by qualified, competent personnel.

68.     At all times relevant hereto, Defendant Nurse Taylor was an agent, servant or employee of Defendant Milford and practiced under the policies, practices and procedures established by Defendant Milford.

69.     Defendant Milford is vicariously liable for the negligent acts or omissions of Defendant Nurse Taylor, its agent, servant or employee.

70.     As a result of the negligent acts of Defendant Nurse Taylor, Defendant Milford's agent, servant or employee, Ms. Bryson suffered deterioration in her condition and the loss of her son, Vaughn, Jr.

WHEREFORE, the Plaintiff, Sabrina Bryson, Individually, demands judgment against the Defendant Milford Regional Medical Center, Inc. in an amount that will adequately compensate her for her pain and suffering, significant medical expenses, disability from normal daily activities, great pain of body and mind, plus costs, interest and reasonable attorney's fees, and such other relief as this Court deems just and proper.

### COUNT IX
### VICARIOUS LIABILITY/OSTENSIBLE AGENCY
### SABRINA BRYSON AS ADMINISTRATRIX OF THE
### ESTATE OF VAUGHN ADAM WILSON JR. v.
### MILFORD REGIONAL MEDICAL CENTER, INC.

71.     The Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 70 of this Complaint, and incorporates them herein by reference.

72.     At all times relevant hereto, Defendant Milford held itself out to the public as a hospital offering labor and delivery care to patients such as Ms. Bryson and her unborn child.

73.     Ms. Bryson reasonably relied upon this representation and Defendant Milford's reputation for providing safe, efficient, and quality care rendered by qualified, competent personnel.

74.     At all times relevant hereto, Defendant Nurse Taylor was an agent, servant or employee of Defendant Milford and practiced under the policies, practices and procedures established by Defendant Milford.

75.     Defendant Milford is vicariously liable for the negligent acts or omissions of Defendant Nurse Taylor, its agent, servant or employee.

76.     As a result of the negligent acts of Defendant Nurse Taylor, Defendant Milford's agent, servant or employee, Plaintiff's Decedent, Vaughn Adam Wilson, Jr. died.

WHEREFORE, the Plaintiff, Sabrina Bryson, as Administratrix of the Estate of Vaughn Adam Wilson Jr., demands judgment against the Defendant Milford Regional Medical Center, Inc. in an amount that will adequately compensate her for her pain and suffering, significant medical expenses, disability from normal daily activities, great pain of body and mind, plus costs, interest and reasonable attorney's fees, and such other relief as this Court deems just and proper.

**COUNT X**
**NEGLIGENCE**
**SABRINA BRYSON INDIVIDUALLY v.**
**AMERICAN MEDICAL RESPONSEOF MASSACHUSETTS, INC.**

77.     The Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 76 of this Complaint, and incorporates them herein by reference.

78.     Defendant AMR owed Ms. Bryson a duty of care.

79.     Defendant AMR breached that duty by:

    a)      Failing to appropriately monitor Ms. Bryson and her unborn son;

      b)      Failing to appreciate the critical nature of Ms. Bryson's medical condition;
      c)      Failing to access a medical control physician; and
      d)      Negligently transporting Ms. Bryson.

80.    As a direct and proximate result of Defendant AMR's negligence, Ms. Bryson suffered deterioration in her condition and the loss of her son, Vaughn, Jr.

WHEREFORE, the Plaintiff, Sabrina Bryson, Individually, demands judgment against Defendant American Medical Response of Massachusetts, Inc. in an amount that will adequately compensate her for her pain and suffering, significant medical expenses, disability from normal daily activities, great pain of body and mind, plus costs, interest and reasonable attorney's fees, and such other relief as this Court deems just and proper.

**COUNT XI**
**WRONGFUL DEATH**
**SABRINA BRYSON AS ADMINISTRATRIX OF THE**
**ESTATE OF VAUGHN ADAM WILSON JR. v.**
**AMERICAN MEDICAL RESPONSEOF MASSACHUSETTS, INC.**

81.    The Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 80 of this Complaint, and incorporates them herein by reference.

82.    Defendant AMR was negligent as to its reckless, willful and wanton conduct in its medical treatment of Ms. Bryson and her unborn son, and in its disregard for the wellbeing of a patient in an emergency situation, which conduct resulted in the death of the Plaintiff's unborn child, Vaughn, Jr.

83.    Pursuant to M.G.L. c. 229, § 2, Plaintiff Sabrina Bryson, as Administratrix of the Estate of Vaughn Adam Wilson, Jr., brings this action for the wrongful death of Vaughn, Jr.

WHEREFORE, Plaintiff Sabrina Bryson, as Administratrix of the Estate of Vaughn Adam Wilson, Jr., demands judgment against Defendant American Medical Response of Massachusetts, Inc. in an amount that will adequately compensate her for his medical expenses,

conscious pain and suffering, wrongful death, loss of reasonable expected income, services, protection, care, comfort, society and companionship and costs, interest and reasonable attorney's fees as well as such other relief as this Honorable Court deems just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

RESPECTFULLY SUBMITTED,

Date:  March 14, 2011

SABRINA BRYSON, Individually and as Administratrix of the Estate of VAUGHN ADAM WILSON, JR.,
By Her Attorneys,

/s/: Ross Annenberg, Esquire
Abigail R. Williams, Esquire
B.B.O. No.:  559245
Ross Annenberg, Esquire
B.B.O. No.: 560996
Abigail Williams & Associates, P.C.
340 Main Street, Suite 330
Worcester, MA  01608
Tel: (508) 795-1955
Fax: (508) 795-1710
awilliams@medical-law.com / rannenberg@medical-law.com